IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
SEP 02 2015
Clerk, U.S. District Court
District Of Montana
Missoula

JEFFERY J. LOUT,

Plaintiff,

vs.

ROXANNE TUSS, et al.,

Defendants.

CV 15-00055-H-DLC-JTJ

ORDER

Plaintiff Jeffery Lout has filed a document entitled, "Notice to the Court and Request for an Emergency Injunction due to the Hostal [sic] Enviornment [sic] Created by Defendants Actions" (Doc. 14) which the Court has construed as a motion for temporary restraining order and/or preliminary injunction. Mr. Lout alleges Wiccan inmates have been threatened with harm by Native American inmates if they use the outdoor multipurpose fire ring. Mr. Lout seeks an emergency injunction ordering Defendants to provide the Wiccans at Montana State Prison with their own sacred ground and fire ring or alternatively to shutdown the Native American's sweat lodge. (Doc. 14 at 5.)

As a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service,*

1

753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, only three Defendants have been served and Mr. Lout has not specifically sought relief against any of those Defendants.

In addition, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A.. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to

preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

As set forth in Mr. Lout's motion, the issue of the use of the outdoor fire ring at the Prison has been ongoing and has evidently been raised with the Montana Human Rights Bureau. Mr. Lout has notified Prison officials that Wiccans are being threatened by Native Americans. Mr. Lout represented in his motion that Thomas Wilson, the Associate Warden of Programming, responded to

the issue by saying that the Religious Activity Center and its grounds are neutral spaces available to all faith groups. If anyone is being threatened, Mr. Wilson directed that they notify staff immediately. (Doc. 14-1 at 3.)

Defendants responded to Mr. Lout's motion arguing that Mr. Lout is unlikely to succeed on the merits of his claims because he cannot show the necessary substantial burden on his religious practice as required by the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. § 2000cc. In addition, Defendants contend Mr. Lout cannot show irreparable harm because the Wiccans have gone almost two years without a dedicated fire ring. They argue that the persons who were allegedly threatened are not even parties to this action and the balance of the equities tips in favor of maintaining the status quo. Lastly, they contend that the public interest factor weighs heavily against such an injunction because Mr. Lout's proposed remedies would interfere with the internal operations of Montana State Prison. (Doc. 15.)

It is clear to the Court that this is an ongoing issue to which Prison officials have investigated and responded. Staff has not ignored the alleged threats but rather have investigated Mr. Lout's allegations and have encouraged the Wiccans to report any threats immediately. The Court will not decide a potentially ultimate issue in this case and order the exclusive use or non-use of the fire pit at the Prison

based upon a five-page motion supported only by exhibits demonstrating that this issue is being currently handled by Prison officials. Mr. Lout has not met his burden of persuasion.

Accordingly, IT IS HEREBY ORDERED that Mr. Lout's Motion for an Emergency Injunction (Doc. 14) is DENIED.

DATED this 2nd day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court