# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| JEFFERY J. LOUT, | CV 15-00055-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ROXANNE TUSS, et al., | |
| Defendants. | |

Currently pending before the Court are Plaintiff Jeffery Lout's Amended Complaint (Doc. 20), Motion for Permanent Order of Protection (Doc. 31), Notice (Doc. 32), Notice regarding Case Status (Doc. 33), Motion for Leave to Amend Newly Related Events to Claim VIII of the Amended Complaint (Doc. 36), Motion for an Extension of Time to File Reply to Defendants' Response to Petition for Order of Protection (Doc. 37), Motion to Dismiss Defendant Reese (Doc. 38), and Motion for a Confirmation to Plaintiff's Motion for an Extension of Time and a Request for Court to Serve all Defendants to include all Amended Defendants (Doc. 39).

Defendants Tuss, Wood, and Pentland must respond to Mr. Lout's retaliation claims raised in Count II of the Amended Complaint. Defendants Wilson, Stefalo, Bilodeau, and Kirkegard must respond to Count X of the Amended Complaint.

All other counts and all other claims should be dismissed.  Mr. Lout's

motion for permanent order of protection should be denied, and Mr. Lout's motion

to dismiss Defendant Reese should be granted.  All other motions will be denied.

## I.  Amended Complaint

After screening Mr. Lout's Amended Complaint as required by 28 U.S.C. §§

1915 and 1915A, the undersigned found that Mr. Lout's excessive force claims

(Count I), equal protection claim regarding his "settlement offer" (Counts IV and

V), mail claims (Count VI), and First Amendment claim regarding the loss of his

laundry job (Count IX) failed to state a claim upon which relief may be granted

and were subject to dismissal.  (Doc. 27.)  Mr. Lout was given an opportunity to

amend these claims or alternatively to file a notice with the Court indicating that he

wished to proceed on the Amended Complaint, in which case the Court would

require Defendants to respond to Count II (retaliation) and Count X (religious

claims) and would recommend the dismissal of Count I (excessive force), Count III

(failure to report), Counts IV & V ("settlement offer"), Count VI (mail), Count VII

(nutrition and vitamins), Count VIII (which Mr. Lout withdrew), and Count IX

(job dismissal).  (Doc. 27.)

On March 22, 2016, Mr. Lout filed a "Notice to Proceed with the Amended

Complaint on Counts II and X with a Declaration Reserving the Right to File

Personal Injury Tort." (Doc. 30.) He seeks to proceed on Counts II and X and to withdraw the remaining counts, reserving the right to file personal injury tort claims. (Doc. 30 at 1.)

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1)(A)(ii). Unless the notice states otherwise, the dismissal is without prejudice. Fed.R.Civ.P. 41(a)(1)(B). Accordingly, the Court will recommend that Count I (excessive force), Count III (failure to report), Counts IV & V ("settlement offer"), Count VI (mail), Count VII (nutrition and vitamins), and Count IX (job dismissal) be dismissed without prejudice.

On March 28, 2016, Mr. Lout filed a document titled "Notice to the Court of Defendants' Breach of Agreement and Plaintiff's Recantment of Withdrawal of Claim VIII." (Doc. 32.) Mr. Lout explains that he moved to withdraw Claim VIII after Defendants agreed to permanently house him with Andrew Conner, another inmate.[1] On March 24, 2016, Mr. Conner was removed from Mr. Lout's cell. Mr. Lout contends Defendants breached their agreement, and therefore, he recants his withdrawal of Claim VIII and asks that Claim VIII proceed with Claims II and X

---

[1] Defendants contend there was never any such agreement.

3

of the Amended Complaint. (Doc. 32.) Mr. Lout also moved to add as Defendants Sgt. Michael Heibert and Unit Manager Kremer because they ordered Mr. Conner moved. (Doc. 32 at 2.) Out of an abundance of caution, the Court will consider the allegations set forth in Count VIII of the Amended Complaint.

## Count VIII

In Count VIII of the Amended Complaint, Mr. Lout alleges that between June 2008 and now Defendants denied Mr. Lout the right to be physically present before the prison's Administrative Reclass Committee to present his defense, call witnesses, or present evidence. He alleges he has not had an opportunity to review the evidence against him or to object to his "a-typical" predator status, which means he has a heightened custody level. He alleges that Defendants Jovanovich, Wigert, Kirkegard, Wood, Mihelich, Beeson, and Wilson continued his atypical status to racially discriminate against him. Mr. Lout alleges Defendants house inmates of different cultures and faith groups with cell mates of their choice but have continually denied his requests. He alleges that ten to 12 other inmates received disciplinary sanctions for engaging in homosexual conduct with their cell mates but were allowed to return to the same cell or pod. Mr. Lout alleges that on the sole basis of his crimes, Defendants denied his requests to be housed with a specific offender. (Doc. 20-1 at 20.) He contends that Defendants Jovanovich,

Wigert, Wood, Mihelich, Beeson, Wilson, and Kirkegard are acting collectively to punish him solely based on his crimes, because he is a homosexual, and because he is a white practicing Wiccan. (Doc. 20-1 at 21.)

Mr. Lout lists the following claims based upon these facts: (1) violation of his First Amendment rights to petition for redress, freedom of self-expression, speech, association, and participation; (2) violation of his Fourteenth Amendment right to due process in classification hearings; (3) violation of the equal protection clause; (4) violation of the Due Process Clause because he has an enhanced "a-typical" status classification; (5) violation of his Eighth Amendment right against excessive sanctions; and (6) violation of his right to rehabilitation and reform.

### 1. First Amendment

Mr. Lout has not stated sufficient facts to state a First Amendment violation. A prisoner "retains those First Amendment rights [that] are 'not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.' " *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (*quoting Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)). The Supreme Court has not recognized that a prisoner has a First Amendment right to free association. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974).

Presumably Mr. Lout alleges Defendants violated his First Amendment rights because they did not allow him to present evidence at his classification hearings. Given the deference afforded to prison authorities, and the fact that this claim is cognizable under the Due Process clause, the Court does not find a right to freedom of speech at a classification hearing.

## 2. Due Process/Liberty Interest

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected liberty or property interest and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459–60 (1989). The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint "impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life." *Sandin*, 515 U.S. at 484.

While Mr. Lout alleges he was unable to challenge his "a-typical predator" status, he does not explain how this imposed an atypical or significant hardship on him in relation to the ordinary incidents of prison life. Mr. Lout does not allege that he was held in disciplinary confinement, just that he was held in a higher custody level. Moreover, it appears from subsequent filings that Mr. Lout is being considered for lower custody levels. (Classification Instrument, Doc. 31-1 at 6–8.) Mr. Lout has failed to allege facts to show that he had a protected liberty interest, and therefore, he has failed to state a due process claim.

### 3.  Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Mr. Lout fails to state an equal protection claim. Mr. Lout has not alleged plausible facts to suggest that he was discriminated against because of his

membership in a protected class.  Although he attempts to suggest that he is being

discriminated against because he is a Wiccan, he admits that Defendants denied his

requests to be housed with the inmate of his choice "on the sole basis of his

crimes."  (Doc. 20-1 at 20.)  Defendants' denial of Mr. Lout's requests to be

housed with a specific offender does not violate the Equal Protection clause.

The Court notes that Mr. Lout was convicted of two counts of sexual

intercourse without consent.  One of those counts involved Mr. Lout having sexual

intercourse without consent with another inmate while incarcerated in the Ravalli

County jail.  *Lout v. State of Montana*, Civil Action No. 05-67-M-DWM (Order

dated August 4, 2006.)  Mr. Lout has not alleged plausible facts to suggest that he

was discriminated against based upon his religion, and as such, he has failed to

state an equal protection claim.

### 4.  Eighth Amendment

It is well established that the Eighth Amendment's prohibition against cruel

and unusual punishment is not violated by classification programs that pursue

"important and laudable goals" and are instituted under a state's authority to

operate correctional facilities.  *See Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir.

1997) (classification program designed to treat and reduce recidivism of sex

offenders is well within state's authority to operate correctional facilities and does

not violate contemporary standards of decency). Nor does misclassification inflict pain so as to be cruel and unusual punishment in violation of the Eighth Amendment. *See Hoptowit v. Ray*, 682 F.2d 1237, 1255-56 (9th Cir. 1982); *Ramos v. Lamm*, 639 F.2d 559, 566-67 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Mr. Lout has failed to state an Eighth Amendment claim related to his classification.

### 5. Rehabilitation and Reform

Lastly, Mr. Lout alleges that Defendants violated his right to rehabilitation and reform. Prisoners have no constitutional right to rehabilitation. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).

Mr. Lout failed to state a claim with regard to Count VIII, and it should be dismissed. Further, Mr. Lout failed to state a federal cause of action arising from the alleged agreement to house Mr. Lout with Mr. Conner. As such, the request to add Sgt. Michael Heibert and Unit Manager Steve Kremer as Defendants (Doc. 32 at 2) and the "Request for Leave to Amend Newly Related Events to Claim VIII" (Doc. 36) will be denied.

## II. Waiver of Correspondence Rule and Scheduling Order

Mr. Lout filed a document titled "Notice to the Court of Plaintiff's Intent to Waive the Correspondence Rule and to Waive Scheduling Order Request to

Proceed Directly to Trial in this Case." (Doc. 34.) Therein, Mr. Lout asks the Court to waive the requirement in Local Rule 7.1 that parties confer prior to filing motions. Mr. Lout states that he will object to all motions. The request is denied. The parties must comply with Local Rule 7.1 prior to filing any motion or the motion will be subject to summary denial.

Second, Mr. Lout requests the Court waive the scheduling order and proceed directly to trial on this matter. (Doc. 34 at 3.) In another document, Mr. Lout requested that trial be set on or before April 20, 2016. (Doc. 33 at 4.) The Court is directing service of two claims on certain Defendants. Once Defendants file a responsive pleading, the Court will issue a scheduling order setting a schedule for the disposition of Mr. Lout's claim. The Court will not set a trial date without giving the parties an opportunity to conduct discovery. Mr. Lout's request to waive the scheduling order and set a trial date at this time is denied.

## III. Motion for Permanent Order of Protection

Mr. Lout has moved for a permanent order of protection, seeking to prevent Defendants from committing acts of retaliation, harassment, and intimidation. (Doc. 31.) On January 12, 2016, Mr. Lout was housed (at his request) with Inmate Andrew Conner. Starting on January 13, 2016, Mr. Lout and Mr. Conner experienced what Mr. Lout describes as "improper and unwanted harassing,

annoying and childish remarks and comments by staff in general." (Doc. 31 at 3.)

He alleges staff shined flashlights into Mr. Conner and Mr. Lout's eyes to wake

them up, the mailroom staff withheld and/or stole Mr. Lout and Mr. Conner's mail,

and Mr. Conner and Mr. Lout experienced an "abundant amount of 'random' cell

searches" and strip searches. (Doc. 31 at 4–5.)

Defendants object to the motion, arguing Mr. Lout fails to connect his

request for protection to any particular defendant and seeks relief on behalf of

another inmate. They argue his requests are not related to the claims that have

survived prescreening. (Doc. 35.) The undersigned agrees.

As a general rule courts are unable to issue orders against individuals who

are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine*

*Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*,

753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it

has personal jurisdiction over the parties and subject matter jurisdiction over the

claim; it may not attempt to determine the rights of persons not before the court.").

Here, only three Defendants have been served, and Mr. Lout has not specifically

sought relief against any of those Defendants.

In addition, "[a] preliminary injunction is an extraordinary remedy never

awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S.

7, 24 (2008) (citations omitted).  It serves not as a preliminary adjudication on the merits but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20 (citations omitted).

　　*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).  The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor."  *Id*. (citations and internal quotation marks

12

omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted; emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and will not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. Lout makes vague and conclusory allegations that he is being harassed by "staff." He fails to identify specific individuals who may be harassing him. Moreover, he fails to connect any such actions to this litigation. Mr. Lout is not seeking specific protection from a specific defendant. Rather, he seeks mandatory relief that would likely interfere with the internal operations of the prison. Furthermore, as set forth herein, the Court will only consider Mr. Lout's retaliation and religion claims. His claims brought in his motion for protection are unrelated to these claims. *See De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945).

Mr. Lout has also moved for an extension of time to file a reply to Defendants' Response to Lout's Motion for Protective Order. (Docs. 37, 39.) The Court sees no basis to grant such an extension. The motion for protective order should be denied. Mr. Lout may file objections to this recommendation, but the

13

Court is not inclined to delay this matter further.

## IV.  Motion to Dismiss Defendant Reese

Mr. Lout moves to dismiss James Reese as a Defendant in this action. (Doc. 38.)  As Mr. Reese is not involved in the claims that will be served, the motion should be granted.

## V.  Conclusion

The Court has considered whether Mr. Lout's claims in Count II (retaliation) and Count X (religious claims) are frivolous or malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Mr. Lout has a reasonable opportunity to prevail on the merits.  *See* 42 U.S.C. § 1997e(g).  Dismissal is not appropriate at this time.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Defendants Tuss, Wood, and Pentland will be required to respond to Mr.

Lout's retaliation claims raised in Count II of the Amended Complaint.

Defendants Wilson, Stefalo, Bilodeau, and Kirkegard will be required to respond to Count X of the Amended Complaint.

For the reasons set forth herein and in the Court's Order of March 10, 2016 (Doc. 27) and based on Mr. Lout's "Notice to Proceed with the Amended Complaint on Counts II and X with a Declaration Reserving the Right to File Personal Injury Tort" (Doc. 30), all other Defendants and Count I (excessive force), Count III (failure to report), Counts IV & V ("settlement offer"), Count VI (mail), Count VII (nutrition and vitamins), Count VIII, and Count IX (job dismissal) should be dismissed.

Based on the foregoing, the Court issues the following:

## ORDER

1. Mr. Lout's "Recantment of Withdrawal of Claim VIII" (Doc. 32), which the Court construes as a motion to reinstate Count VIII, is **GRANTED**. The Court has considered Count VIII as part of the prescreening process mandated by 28 U.S.C. §§ 1915 and 1915A. That claim, however, should be dismissed as set forth below.

2. Mr. Lout's "Notice to the Court of Defendants' Breach of Agreement and Plaintiff's Recantment [sic] of Withdrawal of Claim VIII" (Doc. 32 at 2), which

the Court construes as a motion to add Sgt. Michael Heibert and Unit Manager Steve Kremer as defendants, is **DENIED**.

3. Mr. Lout's request to have trial set on or before April 20, 2016 (Doc. 33), is **DENIED**.

4. Mr. Lout's "Notice to the Court of Plaintiff's Intent to Waive the Correspondence Rule and to Waive Scheduling Order Request to Proceed Directly to Trial in this Case" (Doc. 34), which the Court construes as a motion to be excused from complying with the Court's Local Rules and motion to have trial set on or before April 20, 2016, is **DENIED**.

5. Mr. Lout's "Notice of Newly Amended Defendants Involved in Lout's January 20, 2016 Withdrawal of Claim VIII which Amended Defendant's Breached Agreement which has called for Lout's March 24, 2016 Rescindment of Claim VIII and Request for Leave to Amend Newly Related Events to Claim VIII of the Amended Complaint" (Doc. 36), which the Court construes as a motion for leave to amend, is **DENIED**.

6. Mr. Lout's "Motion for an Extension of Time to May 20, 2016 to File his Reply to Defendants' Response to Lout's Petition for Order of Protection" (Doc. 37) is **DENIED**.

7. Mr. Lout's Motion for a Confirmation to Plaintiff's Motion for an

Extension of Time and a Request for Court to Serve all Defendants to include all Amended Defendants (Doc. 39) is **DENIED**, but the Clerk of Court is directed to provide Mr. Lout a copy of the most recent docket report.

8. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Thomas Wood, David Pentland, Thomas Wilson, Terrie Stefalo, and Cherie Bilodeau waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **30 days of the entry date reflected on the Notice of Electronic Filing**. If these Defendants choose to return the Waiver of Service of Summons, Defendants Roxanne Tuss, Thomas Wood, David Pentland, Leroy Kirkegard, Thomas Wilson, Terrie Stefalo, and Cherie Bilodeau's answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to

respond).

9.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

10.  Mr. Lout <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

11.  **Unless Defendants object within seven days of the date of this Order**, Mr. Lout need not serve Defendants' counsel the materials he files with this Court because Defendants' counsel will be served via the electronic filing system.  Mr. Lout must, however, serve all discovery requests and other documents not filed with the Court upon counsel by first-class mail.  Defendants must serve on Mr. Lout a complete copy of everything it submits to the Court.     12.  At all times during the pendency of this action, Mr. Lout must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the undersigned issues the following:

## RECOMMENDATIONS

1. Defendants Samuel Jovanovich, Denise Deyott, Roxanne Wigert, Daniel Riddle, Leonard Mihelich, Myron Beeson, Billie Reich, Kristy Cobban, Tristan Kohut, Scott Pirinian, G. Mark Henderson, David Pentland, and Daniel Chladex and Count I (excessive force), Count III (failure to report), Counts IV & V ("settlement offer"), Count VI (mail), Count VII (nutrition and vitamins), and Count IX (job dismissal) should be **DISMISSED WITHOUT PREJUDICE**.

2. All federal claims raised in Count VIII should be **DISMISSED WITH PREJUDICE**.

3. Mr. Lout's "Petition for a Permanent Order of Protection" (Doc. 31) should be **DENIED**.

4. Mr. Lout's Motion to Dismiss Defendant Reese (Doc. 38) should be **GRANTED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lout may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to

timely file written objections may bar a de novo determination by the district judge

and/or waive the right to appeal.

    This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

until entry of the District Court's final judgment.

    DATED this 27th day of May, 2016.


                                     /s/ John Johnston
                                    John Johnston
                                    United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and
Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three
(3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEFFERY J. LOUT, | CV 15-00055-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| ROXANNE TUSS, et al., | |
| Defendants. | |

To:    Legal Counsel for the Montana Department of Corrections
       P.O. Box 201301
       Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court

under the number shown above. A copy of the amended complaint is attached.

This is not a summons or an official notice from the court. It is a request

that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal

service of a summons by signing and returning the enclosed waiver. To avoid

these expenses, you must file the signed waiver within 30 days from the date

shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

were served on the date the waiver is filed but no summons will be served on

Defendants and Defendants will have 60 days from the date this notice is sent (see

1

the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshal's Service to serve the summons and complaint on

Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary

expenses.

DATED this 27th day of May, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| JEFFERY J. LOUT, | CV 15-00055-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| ROXANNE TUSS, et al., | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the amended complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the amended complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

_____;  _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)