# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION



FILED

AUG 05 2016

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| JEFFERY J. LOUT, | CV 15–55–H–DLC–JTJ |
| Plaintiff, | ORDER |
| vs. | |
| ROXANNE TUSS, et al., | |
| Defendants. | |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on May 27, 2016, recommending dismissal of multiple Defendants and claims raised in Plaintiff Jeffery Lout's ("Lout") Amended Complaint. Lout timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

-1-

Notwithstanding the above, "[w]here a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleading], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Following Lout's objections, Defendants filed a response arguing that the objections fail to properly object to the Findings and Recommendations and must be reviewed for clear error. (Doc. 42 at 3 (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)).) Lout subsequently filed a reply to Defendants' response where he further clarified his objections to the Findings and Recommendations and also raised issues not presented in his initial objections. (Doc. 44.) Defendants then moved to strike this reply as untimely and as expressly violating this District's Local Rules.

Before reviewing Lout's objections, the Court will address Defendant's motion to strike. This District's Local Rules provide that:

> (a) An objection filed pursuant to 28 U.S.C. § 636(b)(1) must itemize:
> (1) each factual finding of the magistrate judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding; and
> (2) each recommendation of the magistrate judge to which

objection is made, setting forth the authority the party relies on to contradict that recommendation.

(b) An objection must be filed within 14 days of service of the magistrate judge's order or findings and recommendation. A response must be filed within 14 days of service of the objection. Objection and response are limited to 6500 words. *A reply is not permitted.*

D. Mont. R. 72.3 (emphasis added).

The Ninth Circuit has stated that "[l]ocal rules have the 'force of law' and are binding upon the parties and upon the court . . . ." *Prof. Programs Group v. Dept. of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. County of Los Angeles*, 21 F.3d 940, 946–947 (9th Cir. 1994). Nonetheless, district courts enjoy "broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake." *Id.*

Here, although the Court is sympathetic to Lout's status as a pro se litigant, Defendants are correct that the Local Rules expressly forbid the filing of a reply brief following objections to the Findings and Recommendations. Further, allowing the filing of a reply brief in this situation appears to run counter to Federal Rule of Civil Procedure 72(b). *See* Fed. R. Civ. P. 72(b)(2) (allowing fourteen days to file "specific written objections" and allowing another fourteen days for the other party to respond, but failing to provide for a reply brief). Lastly, in this case, the Court is persuaded not to depart from the Local Rules because of

the prejudicial effect it would have on Defendants. In his reply brief, Lout raises new arguments he failed to raise in his objections. The Defendants would be prejudiced if the Court were to consider these arguments because they did not have the initial opportunity to respond. As such, the Court will grant Defendants' motion and strike Lout's reply brief.

Turning to Lout's objections (Doc. 41), the Court agrees with Defendants that this document fails to specify objections to the Findings and Recommendations and should be reviewed for clear error. In his objections, Lout fails to articulate any specific issue with Judge Johnston's reasoning, and, instead, reiterates the arguments raised in his Amended Complaint concerning Count VIII. Accordingly, the Court agrees with Judge Johnston that Count VIII fails to raise any recognized constitutional violations and should be dismissed with prejudice.

Additionally, the Court agrees with Judge Johnston that Count I (excessive force), Count III (failure to report), Counts IV and V (settlement offer), Count VI (mail), Count VII (nutrition and vitamins), and Count IX (laundry job dismissal), were withdrawn by Lout and should be dismissed without prejudice. Consequently, Defendants Samuel Jovanovich, Denise Deyott, Roxanne Wigert, Daniel Riddle, Leonard Mihelich, Myron Beeson, Billie Reich, Kristy Cobban, Tristan Kohut, Scott Pirinian, G. Mark Henderson, David Pentland, and Daniel

Chladex will also be dismissed from this suit.

Further, the Court agrees with the Findings and Recommendations that Lout's Motion for a Permanent Order of Protection should be denied because: (1) Lout's allegations are vague and conclusory; (2) his requested relief would interfere with the internal operations of the prison; and (3) his motion is unrelated to his retaliation (Count II) and religious (count X) claims.

Accordingly, the Court reviews the remaining Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 40) are ADOPTED IN FULL.

(2) Defendants Samuel Jovanovich, Denise Deyott, Roxanne Wigert, Daniel Riddle, Leonard Mihelich, Myron Beeson, Billie Reich, Kristy Cobban, Tristan Kohut, Scott Pirinian, G. Mark Henderson, David Pentland, and Daniel Chladex and Count I (excessive force), Count III (failure to report), Counts IV & V ("settlement offer"), Count VI (mail), Count VII (nutrition and vitamins), and Count IX (job dismissal) are DISMISSED WITHOUT PREJUDICE.

(3) All federal claims raised in Count VIII are DISMISSED WITH PREJUDICE.

(4) Lout's "Petition for a Permanent Order of Protection" (Doc. 31) is DENIED.

(5) Lout's Motion to Dismiss Defendant Reese (Doc. 38) is GRANTED.

(6) Defendants' Motion to Strike (Doc. 47) is GRANTED. Lout's reply brief is stricken.

DATED this 5th day of August, 2016.

Dana L. Christensen, Chief Judge
United States District Court