IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEFFERY J. LOUT,<br><br>Plaintiff,<br><br>vs.<br><br>ROXANNE TUSS, et al.,<br><br>Defendants. | CV 15-00055-H-DLC-JTJ<br><br><br>ORDER |

The following motions are pending: Plaintiff Jeffery Lout's "Motion for Order to Schedule Depositions" (Doc. 82); Defendants' Motion for Protective Order (Doc. 84); and Mr. Lout's Motion for Extention [sic] of Scheduling Orders Deadlines for Discovery (Doc. 86).

## I. Motion for Depositions

Mr. Lout moves the Court for an order to schedule the taking of 107 depositions of lay and expert witnesses. Attached to that motion is a proposed order commanding the appearance of lay witnesses for oral deposition (Doc. 82-1 at 1-2); proposed order commanding the appearance of expert witnesses for oral deposition (Doc. 82-1 at 3-4); Mr. Lout's first set of witnesses lay-persons and experts in which he lists 83 lay witnesses and 24 expert witnesses (Doc. 82-2 at 1-16); a listing of lay person witnesses incarcerated at MSP (Doc. 82-2 at 17-20); a

1

motion for order to transport and return to the Montana State Prison the incarcerated lay person witness for the taking of oral depositions (Doc. 82-3 at 1-4); a list of offender lay witnesses to be transferred to MSP for the taking of oral depositions (Doc. 82-3 at 5-6); a proposed order to transport and return to Montana State Prison for the taking of oral depositions (Doc. 82-3 at 8-9); a motion for order of subpoenas for witnesses attendance at oral depositions (Doc. 82-4 at 1-4); a subpoena and notice to appear at the taking of oral depositions (Doc. 82-4 at 5-6); a listing of expert witnesses of MSP Staff and outside sponsors (Doc. 82-4 at 7-8); a list of lay witnesses former Wiccan's who have been discharged or paroled (Doc. 82-4 at 9-10); and a list of Wiccan Expert Witnesses (Doc. 82-4 at 11-12).

Defendants oppose the motion arguing that Mr. Lout has not yet made his required initial disclosures as required by the Court's August 1, 2016 Scheduling Order (Doc. 49 at 1-3, ¶ I(A)(B); Mr. Lout has not indicated what method of recording he will use or how he will pay for the recording or witness fees; and Mr. Lout has not demonstrated a need to exceed the presumptive limit of 10 depositions imposed by Fed.R.Civ.P. 30(a)(2)(A)(i).

There are a number of problems with Mr. Lout's requests. First, the motion does not indicate that he has conferred with defense counsel regarding these issues and therefore the motion is subject to dismissal pursuant to Local Rule 7.1.

Second, Mr. Lout is asking the Court to assist him in litigating this matter by helping him contact witnesses, schedule depositions, provide for transport of witness, and provide the means of taking/recording those depositions. The Federal Rules of Civil Procedure govern the manner in which such depositions may be taken, either by oral or written questions. Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken by oral examination. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. *Id.* In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A). Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31.

Mr. Lout's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with taking depositions, including recording costs, court reporter fees, and transcript fees. Mr. Lout does not need the Court's permission to depose any witness (except incarcerated inmates). Yet, he must follow the applicable rule and bear the costs for any depositions he seeks to take in this

matter. His in forma pauperis status does not entitle him to free services from the Court, such as scheduling, conducting, or recording the deposition, or to utilize Defendants' resources for the deposition. *See, e.g., Brooks v. Tate*, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition). To the extent Mr. Lout seeks an order for Defendants or defense counsel to make the necessary arrangements, the Court will not order them to do so. Mr. Lout cites no authority under the Federal Rules of Civil Procedure that allows or directs the court to assist in discovery on behalf of a party.

It is Mr. Lout's responsibility to schedule depositions and provide the means of taking/recording any depositions. *See* Fed.R.Civ.P. 30(b)(3); Fed.R.Civ.P. 45(a)(1)(B) ("A subpoena commanding attendance at a deposition must state the method for recording the testimony.) He has not indicated in any of his filings the means he intends to use for recording testimony.

Third, because Mr. Lout has been granted leave to proceed in forma pauperis in this matter, 28 U.S.C. § 1915(d) requires officers of the Court to issue and serve witness subpoenas. All witnesses, except prisoner-witnesses are entitled to witness fees. 28 U.S.C. § 1821(f). Each witness is entitled to $40.00 plus mileage for the distance between his or her home or work address and the courthouse at a rate of

4

$0.535 per mile.  *See* 28 U.S.C. § 1821(b), (c)(2); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).  The witness fee must be paid by institutional check or money order made payable to the witness.  The check or money order must be attached to any request to the Court to subpoena the witness. The Court will not order service of any subpoena that is not accompanied by the appropriate witness attendance fee.

     Fourth, Mr. Lout is seeking to conduct over 107 depositions.  Rule 30 of the Federal Rules of Civil Procedure provides that leave of court is required if a party is taking more than 10 depositions.  Mr. Lout has not provided sufficient justification for taking such an excessive number of depositions.  Also, as explained by Defendants, the taking of such a large number of inmate witnesses would put a tremendous burden on the security staff at MSP.  The Court will need sufficient justification to allow Mr. Lout to depose this many inmate witnesses.  In addition, as set forth above, Mr. Lout will need to advise the Court of how he will provide a means of taking/recording each of these depositions.

     Fifth, the Court will direct service of proper subpoenas for Mr. Lout under 28 U.S.C. 1915(d), but only if Mr. Lout submits a completed subpoena in final form, with appropriate justification for said subpoena, and the fees for one days attendance and the mileage allowed by law for any non-incarcerated witnesses.

See Fed.R.Civ.P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.")

Sixth, the Court will only issue subpoenas which comply with Rule 45 of the Federal Rules of Civil Procedure. Rule 45(c)(1) provides that

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Mr. Lout seeks to subpoena a number of witnesses to depositions which would not be within 100 miles of where the person resides, is employed, or regularly transacts business.

Mr. Lout's motion will be denied without prejudice subject to him complying with the rules set forth above. Mr. Lout must communicate and work with defense counsel in scheduling and obtaining the appearance of witnesses prior to seeking Court assistance, he must complete notices of depositions which indicate the manner of recording and he must arrange for that means of recording, and should he need subpoenas for witnesses he must submit those subpoenas to the

6

Court in a completed form with appropriate justification.

**II. Motion for Protective Order**

Defendants seek a protective order to limit Mr. Lout's discovery requests. The Scheduling Orders and Order granting Mr. Lout's Motion to Extend the Interrogatory Limit (Doc. 71) were clear. The parties were allowed to serve no more than 50 written interrogatories, including discrete subparts. As such, Mr. Lout is limited to a total of 50 interrogatories, 25 requests for the production of documents and 25 requests for admission. It appears that Mr. Lout has now complied with this ruling. (Lout letter dated February 15, 2017, Doc. 87-1.)

To the extent Mr. Lout seeks additional discovery above the limits set forth above, Defendants' motion for protective order is granted.

**III. Motion for Extention [sic] of Scheduling Orders Deadlines for Discovery**

Mr. Lout asks for a stay of 90 days and an additional 30 days for the filing of pretrial motions. He argues the case is complex, there is a large number of defendants, there is a large number of witnesses that need to be deposed, there are pending discovery motions, there are a large amount of documents to be examined, and Mr. Lout had an appellate brief due to the Ninth Circuit Court of Appeals in February.

Defendants oppose the extension arguing that the Court's discovery orders

were clear and the parties are on track to meet the March 10, 2017 discovery deadline.

The Court is generally inclined to grant necessary extensions but it is disinclined to do so in this case where the scheduling order has been extended on two prior occasions. The initial scheduling order in this case was issued on August 1, 2016, and required discovery to be completed by January 5, 2017. (Doc. 49.) Defendants moved to extend the deadline for procedural motions on October 28, 2016 (Doc. 68) and that motion was granted on October 31, 2016, when the Court issued its first Amended Scheduling Order (Doc. 69). Pursuant to that order discovery was set to close on February 6, 2017. Mr. Lout filed a motion for extension of time to complete discovery on January 3, 2017. The motion was granted and the Court issued a second Amended Scheduling Order on January 6, 2017, extending the discovery deadline to March 10, 2017. (Doc. 77.)

Defendants represent that Mr. Lout has served his answers to Defendants' discovery requests and Defendants have agreed to serve their responses to Mr. Lout's modified discovery requests on or before March 10, 2017. The request to take the enormous amount of depositions in this case and the other discovery issues are resolved by this Order. The Court therefore sees no need to further extend discovery or any other deadlines. All discovery shall be completed on or before

March 10, 2017, and all pretrial motions shall be filed on or before April 7, 2017.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Lout's "Motion for Order to Schedule Depositions" (Doc. 82) and the motions attached thereto are DENIED WITHOUT PREJUDICE.

2. Defendants' Motion for Protective Order (Doc. 84) is GRANTED. The parties are limited to 50 total interrogatories, 25 total requests for admissions, and 25 total requests for production of documents.

3. Mr. Lout's Motion for Extention [sic] of Scheduling Orders Deadlines for Discovery (Doc. 86) is DENIED.

DATED this 6th day of March 2017.

                          */s/ John Johnston*
                          John Johnston
                          United States Magistrate Judge